UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

            v.                              1:09-CR-438 (LEK)

JEFFREY HERBERT,

                  Defendant.

_____

## DECISION AND ORDER

Presently before the Court is a Motion (Dkt. No. 10) by Defendant Jeffrey Herbert ("Defendant" or "Herbert") to dismiss ("Motion") the first count of a two count Indictment (Dkt. No. 4). Herbert challenges on six grounds the charge that he has committed a violation of, and may be prosecuted under, the Sex Offender Registration and Notification Act, 18 § U.S.C. 2250(a). For the reasons that follow, each of Defendant's arguments fails, and his Motion to dismiss must be denied.

## I.      BACKGROUND

On February 27, 1998, the Defendant was convicted of rape in the third degree in St. Lawrence County, New York, qualifying him as a sex offender under New York state law. See Govt.'s Response ("Response") at 4-5 (Dkt. No. 11); Motion at 2; N.Y. Correction Law § 168-a(1), (3) 2009. On March 12, 1999, as part of his release from custody, Defendant registered with the New York State Division of Criminal Justice as a sex offender, listing an address in Irvington, New Jersey as his residence. In doing so, Herbert certified that he had been instructed upon and understood that he must verify his home address and provide notification in case of any change

1

thereof.  Response at 5.  On March 17, 2009, Defendant completed verification of the address in New Jersey as his current residence.

In December of 2008, the Government alleges that Herbert began residing in Delmar, New York without providing any update to his New York sex offender registration.  In February of 2009, the Government states that Herbert moved to Troy, New York, where he remained until his arrest there on August 5, 2009.  Motion at 3; Response at 5-6.  During the time that Herbert is alleged to have been living in New York while registered in New Jersey, he held jobs and applied for a driver's license listing Troy as his place of residence.  Response at 5-6.

On July 27, 2006, the Adam Walsh Child Protection and Safety Act of 2006 was signed into law, which included as Title I the "Sex Offender Registration and Notification Act" ("SORNA"). Pub. L. No. 109-248, §§ 1-155, 120 Stat. 587, 590-611 (2006).  As it pertains to the instant case, SORNA is composed of a set of provisions for the registration of convicted sex offenders, codified as 42 U.S.C. §§ 16901-16991, and a criminal penalty for state and federal sexual offenders who violate the rules in the Title 42 provisions and proceed to travel from one state to another, codified as 18 U.S.C. § 2250.

SORNA was enacted with the purpose of "protect[ing] the public from sex offenders and offenders against children by establishing a comprehensive national system for the registration of sex offenders."  42 U.S.C. § 16901.  The registry requirements state, in pertinent part:

(a) In general

A sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student. For initial registration purposes only, a sex offender shall also register in the jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of residence.

2

(b) Initial registration

The sex offender shall initially register--

    (1) before completing a sentence of imprisonment with respect to the offense giving rise to the registration requirement; or

    (2) not later than 3 business days after being sentenced for that offense, if the sex offender is not sentenced to a term of imprisonment.

    (c) Keeping the registration current

    A sex offender shall, not later than 3 business days after each change of name, residence, employment, or student status, appear in person in at least 1 jurisdiction involved pursuant to subsection (a) of this section and inform that jurisdiction of all changes in the information required for that offender in the sex offender registry. That jurisdiction shall immediately provide that information to all other jurisdictions in which the offender is required to register.

42 U.S.C. § 16913.

Pursuant to authority vested by Congress through 42 U.S.C. § 16913, the Attorney General promulgated a rule on February 28, 2007 concerning the application of SORNA to those persons qualifying as sexual offenders before the passage of SORNA, which remains in effect. "The requirements of the Sex Offender Registration and Notification Act apply to all sex offenders, including sex offenders convicted of the offense for which registration is required prior to the enactment of that Act." 28 C.F.R. § 72.3. The registration requirements of SORNA are given practical effect by the provision in 18 U.S.C. § 2250 that:

    (a) In general.--Whoever–

        (1) is required to register under the Sex Offender Registration and Notification Act;

        (2)(A) is a sex offender as defined for the purposes of the Sex Offender Registration and Notification Act by reason of a conviction under Federal law (including the Uniform Code of Military Justice), the law of the District of Columbia, Indian tribal law, or the law of any territory or possession of the United States; or (B) travels in interstate or foreign commerce, or enters or leaves, or resides in, Indian country; and

3

        (3) knowingly fails to register or update a registration as required by the Sex Offender Registration and Notification Act;

shall be fined under this title or imprisoned not more than 10 years, or both.

18 U.S.C. § 2250.

        In addition to the duties and penalties for individual sex offenders, SORNA issued rules directing states to maintain or implement a sex offender registration system meeting certain standards, whereby a state's failure to do so could result in a percentage reduction of federal funds for federal judicial assistance.  42 U.S.C. § 16912, 16925(d).  SORNA mandated that the Attorney General produce software for the states to enable their compliance, and each state was directed to implement an adequate registry before the later of July 27, 2009 or one year after the software was made available.  42 U.S.C. § 16923.  Guidelines issued by the Attorney General on May 30, 2007 (Sex Offender Sentencing, Monitoring, Apprehending, Registering, and Tracking ("SMART") Guidelines), stated that a state has only fully implemented SORNA when it has "carrie[d] out the requirements of SORNA as interpreted and explained in these Guidelines," and the Department of Justice has determined that it has done so.  72 Fed. Reg. at 30213-14.  At the time that SORNA was enacted, both the states of New York and New Jersey already maintained sex offender registration systems, requiring initial registration, periodic verifications and notice of any change in address.  Response at 4.  However, as was and remains the case with nearly all states, neither New York nor New Jersey has enacted legislation bringing about full compliance with SORNA.  Motion at 7.

## II.    DISCUSSION

        Given the preceding personal and statutory background, the Court will address the

4

Defendant's arguments in turn.  Herbert argues that the Attorney General has not made the law applicable to him; that punishment under the law would violate the Ex Post Facto Clause of the Constitution; that prosecuting him violates constitutional due process protections; that the law is an invalid exercise of power under the Commerce Clause by Congress; that the law violates the Tenth Amendment; and that the law violates the non-delegation doctrine.

## A. Applicability of SORNA to Defendant

Congress delegated to the Attorney General the authority to define the retroactive application of SORNA's provisions to sexual offenders whose convictions occurred before the passage of SORNA by Congress or before the full implementation of SORNA by a given jurisdiction.  See 42 U.S.C. § 16913.  The Defendant argues that the Attorney General's promulgation of a rule rendering SORNA retroactive to individual sexual offenders, nevertheless, does not apply to him because the Attorney General has not issued a rule specifying that SORNA applies to sexual offenders convicted before the Act is implemented in a given state.  Herbert thus posits that because New York and New Jersey have not fully complied with SORNA standards under the provisions of the SMART Guidelines, "there is simply no registration mechanism in place that could allow Mr. Herbert to satisfy SORNA's obligations even if he wanted to."  Motion at 9.  Defendant's contention that the Attorney General has not exercised his authority under  § 16913 in such a way as to make SORNA applicable to his alleged actions must be rejected.

Herbert's argument conflates two distinct and independently functioning features of SORNA: the Attorney General's promulgation of a rule specifically making SORNA registration obligations retroactive to persons such as Defendant and the portion of SORNA that seeks to nationally establish sexual offender registries meeting certain standards.  Defendant's argument has

5

been consistently rejected throughout the Northern District of New York, as well as by multiple

circuit courts.  See, e.g., United States v. Romeo, No. 5:08-CR-0694, 2009 U.S. Dist. LEXIS 3522

(N.D.N.Y. Jan. 20, 2009); United States v. Lamere, No. 08-CR-0475, 2008 U.S. Dist. LEXIS

101116 (N.D.N.Y. Dec. 15, 2009); United States v. Heffelmire, No. 5:09-CR-303, 2009 U.S. Dist.

LEXIS 98209 (N.D.N.Y. Oct. 22, 2009); United States v. Fuller, No. 07-CR-0462, 2008 U.S. Dist.

LEXIS 46950 (N.D.N.Y. June 13, 2008) (all holding that a sex offender's obligations to comply

with the registration duties of SORNA are unrelated to whether states have met with SORNA

standards); United States v. George, 579 F.3d 962 (9th Cir. 2009); United States v. May, 535 F.3d

912 (8th Cir. 2008); United States v. Hinckley, 550 F.3d 926 (10th Cir. 2008) (each concluding that

sex offenders must register in compliance with SORNA or be subject to prosecution if traveling in

interstate commerce, whether or not SORNA is fully implemented in any state).

Accordingly, because both New Jersey and New York had fully functioning sex offender

registries during the time the Defendant traveled between states and failed to register in accordance

with SORNA, the Defendant had the opportunity and responsibility to properly submit the required

information.  That the registries in New York and New Jersey have not been certified through the

SORNA SMART procedure is of no consequence to the availability of a means and a duty to

register on the part of the Defendant.  Therefore the Court finds that SORNA is applicable to the

Defendant, such that he may be subject to its criminal penalties, and his Motion on this ground must

be denied.

**B.  Ex Post Facto Clause**

Defendant argues that any punishment arising from his failure to register under SORNA

violates the *Ex Post Facto* Clause of the Constitution, on the grounds that the law was "not yet

applicable to him." <u>See</u> U.S. CONST., art. I, § 9, cl. 3; Motion at 9.  This argument thus rests upon the assumption that SORNA does not apply to the Defendant, a claim the Court has already rejected. Because SORNA is applicable to Herbert, and because the act charged is the combination of his failure to register in compliance with that law and subsequent movement between states, which occurred after the enactment of SORNA, Herbert's argument cannot be sustained.  <u>See United States v. Van Buren</u>, No. 3:08-CR-198, 2008 U.S. Dist. LEXIS 61765, at *21(N.D.N.Y. Aug. 8, 2008).

Further, the Defendant advances a faulty interpretation of the meaning of the *Ex Post Facto* Clause, which protects against punishment for conduct that was legal when performed.  A law must "impose[] a punishment for an act that was not criminal at the time it was committed" or "impose[] a punishment greater than that which was originally prescribed at the time the offense was committed" to run afoul of the constitutional prohibition.  <u>Collins v. Youngblood</u>, 497 U.S. 37, 41-42 (1990).  Such is not the case here.  Prosecution under § 2250(a) does not impose additional punishment on defendants for prior sex crimes convictions, but rather enforces Congress' criminalization of a category of actions taken after the passage of SORNA, namely the two-part act of failing to register and engaging in interstate movement.  Defendant's argument has often been raised by similarly situated defendants and has consistently been rejected.  <u>See</u>, <u>e.g.</u>, <u>United States v. Hall</u>, 577 F. Supp. 2d 610, 615 (N.D.N.Y. 2008); <u>Heffelmire</u>, 2009 U.S. Dist. LEXIS 98209, at *14; <u>Romeo</u>, 2009 U.S. Dist. LEXIS 3522, at *3.  For these reasons, Defendant's Motion on this ground must be denied.

**C. Due Process**

Defendant next asserts that "[b]ecause it was impossible for Mr. Herbert to comply with

SORNA in New York and New Jersey, punishing him for failing to register under that statute violates his due process rights."  Motion at 10.  Again, Herbert advances an argument that rests on an assumption that is demonstratively false.  Contrary to his allegation, it was by no means impossible for the Defendant to register in accordance with SORNA requirements, as state sexual offender registries were fully functional in New York and New Jersey.  As has been discussed, States' obligation under SORNA cannot be conflated with individuals' obligations, and the Defendant's ability to submit required information to sex offender registries concerning his relocation to New York was altogether unaffected by the certification status of New York and New Jersey's registries under SORNA.  See Hall, 577 F. Supp. 2d at 616 (stating, in parallel circumstances, that a defendant "could have fulfilled his obligation to register as a sex offender under SORNA by providing the Virginia and New York sex offender registries with the required information upon changing his residence[,]" such that the contention that "it was impossible for him to comply with SORNA is therefore inaccurate").  Having had the opportunity to fulfill his obligations under SORNA, Herbert's prosecution is clearly not within the scope of the due process prohibition on the criminalization of a failure to undertake something impossible.  See United States v. Dalton, 960 F.2d 121, 124 (10th Cir. 1992).  Therefore, Defendant's Motion must be denied as to this ground.

**D.  Commerce Clause**

Defendant challenges the constitutionality of both 42 U.S.C. § 16913 and 18 U.S.C. § 2250, arguing that Congress lacks the authority to mandate state sex offender registration by individuals convicted of purely local offenses and that both provisions violate the Commerce Clause.  U.S. CONST. art. 1, § 8, cl. 3; Motion at 11-21.  Herbert seeks dismissal of the first count of his

indictment on the basis that one or both or these SORNA provisions purports to regulate activity beyond the categories which have been found permissible under the commerce power.

The Supreme Court has defined three areas of activity that may be regulated by Congress through its powers under the Commerce Clause: (1) the use of channels of interstate commerce; (2) instrumentalities of interstate commerce, or persons or things in interstate commerce, even though a threat allowing Congress to exercise its protective powers may come only from intrastate activities; and (3) activities having a substantial relation to, or substantial effect on, interstate commerce. See United States v. Lopez, 514, U.S. 549, 558-59 (1995). With respect to this third category, the Supreme Court has established certain factors for courts to evaluate when determining whether a particular activity exerts a substantial effect on interstate commerce, such that Congress' regulation is permissible. See United States v. Morrison, 529 U.S. 598, 610-12 (2000). These factors ask whether a statute in question regulates activity that is economic in nature; whether a statute includes a jurisdictional element; whether there are congressional findings concerning the effect of the regulated activity upon interstate commerce; and how strong is the nexus between the regulated activity and the substantial effect upon interstate commerce. Id.

Defendant argues that the individual SORNA registration provision, 42 U.S.C. § 16913, cannot be justified under any of the three areas stated in Lopez. He contends that the object of the regulation, local sex offenders, does not involve the channels or instrumentalities of interstate commerce, or persons and things in interstate commerce, and that registration of local sex offenders fails to have a substantially effect on interstate commerce under the Morrison factors. To buttress this position, Herbert cites to three district court cases finding the SORNA registration provision to regulate beyond the bounds of the Commerce Clause. See United States v. Waybright, 561 F. Supp.

2d 1154 (D.Mont. 2008); United States v. Hall, 577 F. Supp. 2d 610 (N.D.N.Y. 2008); United

States v. Myers, 591 F. Supp. 2d 1312 (S.D.Fla. 2008).

These cases represent a slim minority interpretation of 42 U.S.C. § 16913, however, and

neither Myers nor Waybright stand as good law in their circuits.  The Eleventh Circuit reversed

Myers, having expressly rejected the view that § 16913 should be analytically isolated and deemed

to exceed Congress' commerce power in United States v. Powers.  See Myers, No. 09-10228, 2009

U.S. App. LEXIS 22421 (11th Cir. Oct. 13, 2009); Powers, 562 F.3d 1342, 1344 (11th Cir. 2009).

The Ninth Circuit, in affirming a failure-to-register conviction under SORNA in United States v.

George, noted that "[t]o the extent our reasoning in this opinion differs from the district court's

decision in Waybright, we disapprove of that decision."  George, 579 F.3d 962, 966 n.2 (9th Cir.

2009).  A Northern District of New York case, Hall analyzed § 16913 separately from § 2250(a)

and found the former to be invalid because it neither regulated the use of channels of interstate

commerce nor the instrumentalities of, or persons in, interstate commerce, and could not be

supported by the Morrison factors as having a substantial effect upon interstate commerce.  Hall,

577 F. Supp. 2d 620-22.  The district judge in Hall, Judge Hurd, employed the same reasoning in

two other cases, United States v. Guzman, 582 F. Supp. 2d 305 (N.D.N.Y. 2008) and United States

v. Nasci, 632 F. Supp. 2d 194 (N.D.N.Y. 2009).  Despite the approach repeatedly taken by the Judge

Hurd, the majority of courts in the Northern District and in jurisdictions across the country have

determined that "§ 16913 and § 2250(a) are interrelated components of SORNA and must be read

together, not in isolation."  Heffelmire, 2009 U.S. Dist. LEXIS 98209, at *22 (citing four Northern

District of New York cases rejecting the Hall position and finding the two provisions, taken

together, as a valid exercise of Congress' commerce power); see United States v. Gould, 568 F.3d,

10

459 (4th Cir. 2009); United States v. Howell, 552 F.3d 709 (8th Cir. 2009); United States v.

Whaley, 557 F.3d 254 (5th Cir. 2009) (each rejecting Commerce Clause challenges in affirming

convictions under SORNA).

   The Court, in adopting the overwhelming majority view that § 16913 is valid, rejects the

Defendant's argument for two reasons.  First, § 16913 must be read together with § 2250(a), as both

provisions are entwined aspects of a single statutory scheme.  Heffelmire, 2009 U.S. Dist. LEXIS

98209, at *23.  In other words, "there is no criminal penalty unless there is failure to register and

conversely, failure to register cannot be enforced without a criminal penalty . . . § 2250(a) lacks all

meaning without reference to § 16913 and § 16913 lacks all effect without reference to § 2250(a)."

Lamere, 2008 U.S. Dist. LEXIS 101116 at *4. (citations omitted).  It is clear, in turn, that § 2250(a)

is a valid exercise of power under the Commerce Clause.  This provision regulates sex offenders

engaging in travel between states, such that the failure to register in compliance with SORNA only

becomes a punishable crime when an individual commits that act and the additional act of interstate

travel.  This regulation falls squarely within the Lopez category of persons or things in interstate

commerce, where a threat of concern to Congress may arise entirely from intrastate activities.  See

Lopez, 514 U.S. at 558; United States v. May, 535 F.3d 912, 922 (8th Cir. 2008) (stating that the

first two prongs of Lopez justify SORNA); United States v. Ambert, 561 F.3d 1202, 1211(11th Cir.

2009) (reasoning that the channels and instrumentalities of interstate commerce are a fundamental

part of the offense targeted under § 2250(a).).  The Defendant can indicate no case holding

otherwise, including those few which have separately found fault with § 16913.  See Motion at 18-

21.  Because 2250(a) is an unequivocally valid exercise of congressional power under the commerce

clause, and the registration requirements of § 16913 only have effect as part of the basis by which a

prosecution under 2250(a) occurs, the SORNA provisions do not exceed Congress's power.

Second, the Court rejects Defendant's contentions for the additional reason that the Necessary and Proper Clause of the Constitution grants Congress authority for the statutory scheme in SORNA.  It is an established principle that the Clause empowers Congress to makes laws that are necessary and proper, meaning those that are a rational and appropriate means, for accomplishing legitimate regulation under the Commerce Clause.  See United States v. Darby, 312 U.S. 100, 121 (1941); U.S. CONST. art. 1.  Courts have undertaken analysis of the validity of § 16913 when similarly challenged and repeatedly found that the Necessary and Proper Clause supports their constitutionality.  See, e.g., United States v. Howell, 552 F.3d 709 (8th Cir. 2009); Ambert, 561 F.3d at 1212; United States v. Romeo, 2009 U.S. Dist. LEXIS 3522, at *4-5 (N.D.N.Y. Jan. 20, 2009); United States v. Van Buren, No. 3:08-CR-198, 2008 U.S. Dist. LEXIS 61765 at *14 (N.D.N.Y. Aug. 8, 2008).  Quite simply, the registration requirements stated in § 16913 are necessary to identify and address the movement of sex offenders from state to state.  SORNA is an interstate tracking system that can be enforced, by the terms of the statutory scheme, only against those sex offenders who engage in interstate movement.  Thus Congress' legitimate aim of regulating persons in interstate commerce is effectuated by an intrastate component, and § 16913 is neither an independent intrastate regulation of exclusively intrastate activity nor an irrational or inappropriate means to accomplish the interstate objectives of SORNA.  Accordingly, Defendant's Motion must be denied with respect to the argued Commerce Clause grounds.

## E.  Tenth Amendment

Herbert argues that SORNA's requirements encroach upon state sovereignty in violation of the Tenth Amendment, which states that "[t]he powers not delegated to the United States by the

12

Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people." U.S. CONST. amend. X. This argument has gained no traction in any court in this district, and Defendants can indicate no case on point in any district that supports his contention. See, e.g., Heffelmire, 2009 U.S. Dist. LEXIS 98209, at *28-29 (holding that the defendant did not established that SORNA compelled New York or Ohio to make changes to their registries); Romeo, 2009 U.S. Dist. LEXIS 3522, at *5  (holding that defendant did not show that SORNA compelled New York or California to make any changes to their state sex offender registries); Hall, 577 F. Supp. 2d at 617 (holding that the defendant could not show that New York or Virginia had made changes to their state sex offender registries in response to SORNA).  Accordingly, because Defendant has not demonstrated that SORNA compelled New York or New Jersey to make changes to their sexual offender registries, Herbert's Tenth Amendment challenge must be rejected and his Motion denied on this ground.

## F.  Non-Delegation Doctrine

Lastly, the Defendant argues that SORNA is an unconstitutional delegation of legislative authority by Congress to the Attorney General of the United States. U.S. CONST. Art. I. § 1. Specifically, Herbert challenges § 16913 and § 16917(b), which charge the Attorney General with defining the applicability of SORNA to sex offenders convicted before July 27, 2006 and give him the authority to set rules for the "notification of sex offenders who cannot be registered in accordance with subsection (a)." 42 U.S.C. §§ 16913, 16917(b); Motion at 23.  The principle of non-delegation is that Congress has the exclusive authority to legislate and may not abdicate or to transfer to the core legislative functions with which it is vested. See Schechter Poultry Corp. v. United States, 295 U.S. 495, 529 (1935).  Defendant argues that SORNA attempts such a transfer by

13

"extend[ing] to the chief law enforcement officer of the United States the power to determine the retrospective scope of a criminal statute . . . enabl[ing] the executive branch to legislate the reach of a criminal statute with no limits on the Attorney General's exercise of his discretion."  Motion at 24.

Courts in this district have uniformly rejected Defendant's contention, finding that SORNA's provisions are well within constitutional bounds for obtaining assistance by coordinate branches.  See Van Buren, 2008 U.S. Dist. LEXIS 61765 at *15 (stating that the non-delegation doctrine only requires that Congress provide "clear guidance and delineate the boundaries of delegated authority[]" and that SORNA "only authorizes the Attorney General to promulgate regulations in a limited number of circumstances."); Fuller, 2008 U.S. Dist. LEXIS 46950, at *6 (holding that since the delegated authority at issue is very limited in scope, SORNA presents no violation of the non-delegation doctrine); Romeo, 2009 U.S. Dist. LEXIS 3522, at *5 ("Section 16913 authorizes the Attorney General to promulgate regulations only in limited circumstances . . . [which] does not offend the non-delegation doctrine.").  Accordingly, because the delegation to the Attorney General occasioned in § 16913 and § 16917(b) is of a clearly defined and substantially limited scope, and because that delegation is governed by an intelligible principle found in 42 U.S.C. § 13913(a), namely that "a sex offender shall register . . .," as well as the definitions located at 42 U.S.C. § 16911, the Defendant's non-delegation challenge fails.  Therefore, his Motion on this ground must be denied.

III.    **CONCLUSION**

Accordingly, it is hereby

**ORDERED**, that Defendant's Motion to dismiss (Dkt. No. 10) Count one of the Indictment (Dkt. No. 4) is **DENIED**; and it is further

14

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:  November 20, 2009
            Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge